No. 485 June 3, 2026 255

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

John Charles WESTBROOK,
*Petitioner-Appellant,*

*v.*

Shauna Rae Marie HUBBARD,
*Respondent-Respondent.*

Jackson County Circuit Court
23DR04885; A188252

Timothy Barnack, Judge.

Argued and submitted April 8, 2026.

George W. Kelly argued the cause and filed the brief for appellant.

Shauna Rae Marie Hubbard filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

JOYCE, J.

Reversed and remanded.

**JOYCE, J.**

Father appeals from an order denying his motions to enforce parenting time and to modify custody, parenting time, child support, and one of the shared children's last name. Father and mother have two children and, under a previous court order, father had visiting time with them. Mother then stopped allowing father any visitation with the children because she believed that father had abused one of the children. The trial court summarily denied all of father's motions. Father raises four assignments of error on appeal. Because we conclude that father's first assignment of error warrants reversal, we write only to address that assignment of error; reversal on that claim of error obviates the need to address the others.

The facts relevant to the first assignment of error are few. During mother's testimony at the hearing on father's motions, she began referencing a statement made by one of the children about father's alleged conduct. Father objected, arguing that any such testimony would be hearsay. Mother indicated that she had a video recording of what the child had said. The court permitted mother to play the video. Father objected again on hearsay grounds. The trial court summarily overruled the objection.

Mother prefaced the playing of the video by explaining that she had recorded it while changing the child's diaper. In the recording, mother asks the child, "why did you try to put your finger in your butt?" The child responds that "[father] did." Father then renewed his objection, arguing that the video was hearsay not admissible under a hearsay exception because mother had not provided a notice of intent to offer the child's hearsay statement ahead of time. The court again summarily overruled the objection. During his testimony, father contended that there was no evidence to support the allegations and that all investigations—including those of the police and Oregon Department of Human Services—into the alleged conduct had been closed.

After hearing the parties' testimony, the trial court denied father's motions. Again, the trial court's decision was summary in nature, explaining that it was denying father's

motions based on the "testimony and exhibits" presented to it. The trial court did, however, make a credibility finding as to father, finding that father was "not credible."[1]

On appeal, father challenges the court's ruling that the statement of the child played in mother's video was admissible. In particular, he argues that the statement was hearsay under OEC 801(3) and that if mother had intended to offer it under OEC 803(18a)(b)—which, under certain circumstances, provides a hearsay exception for a child's statements concerning sexual abuse—mother had failed to comply with that exception. OEC 803(18a)(b) provides that, unless good cause is shown, the proponent of the evidence must disclose to the other side their intention to offer the statement, as well as the particulars of the statement, no later than 15 days before trial. The proponent of the evidence must also establish that "the time, content and circumstances of the statement provide indicia of reliability." OEC 803(18a)(b). Father also contends that the error was prejudicial. For her part, mother does not defend the ruling on its merits but rather contends that any error was harmless.

We agree with father that the trial court erred in admitting the hearsay statement of the child. In offering the recording, mother made no attempt to comply with OEC 803(18a)(b)'s requirements that she establish that the time, content, and circumstances of the statement provided indicia of reliability and that she provide father with 15 days' notice.

We also conclude that the error was harmful. On appeal, father asserts, without amplification, that the error was harmful. That said, we have "an independent obligation" to assess whether an error was harmful. *State v. Sperou*, 365 Or 121, 140, 442 P3d 581 (2019). Our assessment of the

---

[1] In his brief, father did not mention this express credibility finding. At argument, father's counsel explained that he had omitted the finding because he did not believe that it was relevant to the arguments on appeal. A disagreement with a court's credibility finding is not a basis to omit such a finding in briefing before this court. We generally defer to a trial court's credibility findings, particularly when those findings are based on the witness's demeanor. *State v. Russum*, 265 Or App 103, 120, 333 P3d 1191, *rev den*, 356 Or 575 (2014). To the extent that a party on appeal believes that we should not accord our typical level of deference to credibility findings, the better approach—rather than ignoring them—is to acknowledge the credibility findings and explain why we should not defer to them.

record leads us to conclude that the error was prejudicial to father. The statement in the video was the only evidence of the allegation of sexual abuse. *Contra State v. Blaylock*, 267 Or App 455, 472, 341 P3d 758 (2014), *rev den*, 357 Or 299 (2015) (evidence that is cumulative of other evidence and not qualitatively different is generally harmless). Father generally alluded to allegations of abuse, as did mother, but the recording of the child's statement was the only evidence that the abuse that mother alleged was sexual in nature.

To be sure, the trial court did not specifically reference the allegation of sexual abuse in summarily denying father's motion to enforce parenting time and motion to modify custody, parenting time, child support, and one of the children's last name. But the trial court found father to be not credible and ultimately denied the motions to modify and enforce visitation. Given that the allegation of abuse was the basis for mother withholding visitation from father and that the trial court expressly found father not to be credible (which would include his claims that the allegations of abuse were unfounded), we are persuaded that admission of evidence of that allegation was harmful. We thus reverse and remand for further proceedings.

Reversed and remanded.